IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDI LYNN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No: 14 CV 0313 |
| v. ) | |
| ) | Honorable Joan B. Gottschall |
| ) | |
| CACH, LLC & JOHN C. BONEWICZ, ) | |
| P.C., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the defendants, CACH, LLC ("CACH") and John C. Bonewicz, P.C. ("Bonewicz") (collectively "Defendants"). For the reasons that follow, the motion to dismiss is granted in part and denied in part.

### I. BACKGROUND

Plaintiff has brought a three-count complaint against Defendants, alleging violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS §505/1 *et seq*. The gravamen of the complaint is that Defendants unlawfully attempted to collect a debt from Thompson that she never owed.

According to the complaint, CACH filed a breach of contract action ("Contract Action") against Brandi N. Thompson ("Brandi N.") in the Circuit Court of Cook County, First Municipal District, Illinois in April 2011 through its attorney, Bonewicz. Brandi N. bears no relationship to plaintiff Brandi Lynn Thompson ("Plaintiff" or "Thompson"), other than sharing the same first and last name.

1

In September 2011, Brandi N. entered her *pro se* appearance in the Contract Action. The case was scheduled for trial in December 2011, but Brandi N. apparently defaulted. A default judgment was entered against her in the amount $5,058.74 on December 15, 2011.

Nearly two years later, Defendants attempted to collect on the judgment by contacting Thompson, instead of the judgment debtor, Brandi N. On October 15, 2013, Thompson received a phone call from an unknown number at her place of employment, Vista National Insurance Group ("Vista"). The caller, a male, asked to speak with "Brandi Thompson," but did not identify himself. Thompson confirmed over the phone that her name was Brandi Thompson. The caller then provided Thompson with a series of four numbers and asked whether that series matched the final four digits of her social security number. Thompson informed the caller that there was no match. The caller subsequently asked if Thompson had ever lived in Aurora, Illinois. Thompson denied having ever lived in that location. The caller concluded the conversation by apologizing for having bothered Thompson. Thompson alleges on information and belief that the caller was a representative of either CACH or Bonewicz.

Shortly thereafter, Defendants filed, or caused to be filed, a wage deduction summons and an affidavit for wage deduction.[1] (*See* ECF No. 1-2.) The affidavit indicated that Bonewicz "believe[d] Respondent Vista National [was] indebted to the Judgment Debtor Brandi N Thompson for wages due or to become due." (*Id.*) The affidavit also identified the Judgment

---

[1] Thompson attached as exhibits to her complaint copies of the "Wage Deduction Summons," the "Affidavit for Wage Deduction Summons," and Vista's "Answer to Wage Deduction Proceedings." (*See* ECF No. 1-2, 1-3.) Defendants are permitted to refer to these documents in their motion to dismiss. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (A defendant may base a Rule 12(b)(6) motion to dismiss on "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.") (citing Fed. R. Civ. P. 10(c)).

Debtor as "BRANDI N THOMPSON" and her last known address as 14631 Harvard St., Dolton, IL 60419. (*Id*.)

On November 12, 2013, Vista received the wage deduction summons and affidavit through its attorney, Lawrence G. Staat ("Staat"), of Harrison & Held, LLP. Staat forwarded the wage deduction summons on November 13, 2013 to Nisha Iype, a manager at Vista. That same day Staat called Thompson while she was at work to ask about the wage deduction summons.

On November 18, 2013, Vista complied with the instructions set forth in the wage deduction summons and returned its answer to the interrogatories contained within the summons. (ECF No. 1-3.) Vista's answer denied that Vista paid money to the judgment debtor, Brandi N. Vista also stated, "This person does not work for us." (*Id.*)

Thompson claims that the ordeal caused her to suffer actual damages. She alleges that Defendants' collection effort against her caused her to divert time and energy away from her job, incur costs consulting with her attorneys, and suffer emotional distress. Based on these allegations, Thompson asserts claims for violations of the FDCPA against Bonewicz (Count I) and CACH (Count II), as well as a claim for violation of the ICFA against CACH (Count III).

## II.  LEGAL STANDARD

Rule 12(b)(6) permits a defendant to assert by motion that the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *See Alam v. Miller Brewing Co*., 709 F.3d 662, 665-66 (7th Cir. 2013). To withstand a Rule 12(b)(6) motion, the complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff need not plead particularized facts, but the factual allegations in the

complaint must be sufficient "to raise a right to relief above the speculative level. . . ." *Id.  See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotation marks omitted).

### III. ANALYSIS

#### A. FDCPA

Defendants challenge most, but not all, of their alleged violations of the FDCPA. Specifically, Defendants acknowledge that Thompson has adequately pled a violation of 15 U.S.C. § 1692(d)(6) under Counts I and II, but aver that her allegations are insufficient to state claims for violations of §§ 1692d, 1692e(5), 1692f, 1692f(1), and 1692f(6), which are also pled within Counts I and II. The court addresses whether Thompson states a claim for each of the alleged violations at issue in turn.

#### 1. § 1692d

§ 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Thompson alleges that Defendants contravened this statute by "filing a wage deduction summons against [her]" when they "knew or should have known that [she] was not the named defendant in the Contract Action." (ECF No. 1, ¶¶ 33, 43.)

Defendants move to dismiss Thompson's claim for a violation of § 1692d on two grounds.  First, Defendants argue that they could not have violated § 1692d because the summons "concerned a Brandi N. Thompson," not Plaintiff, Brandi L. Thompson. (ECF No. 16 at 5.)  This position is unavailing.  Although the wage deduction summons did not identify Thompson by her exact name, it surely *concerned* her.  Defendants sent the summons to

4

Thompson's employer. Earlier, an unidentified individual called Thompson on Defendants' behalf inquiring into her social security number and prior residence to verify her connection to a debt owed to Defendants. These allegations undermine Defendants' attempt to disassociate Thompson from their debt collection efforts.

Second, Defendants contend that service of a wage deduction summons on an employer does not qualify as harassment within the purview of § 1692d. The basis for liability under the FDCPA in this matter, however, is not that Defendants made use of a state debt collection vehicle. It is that Defendants harnessed that vehicle toward the wrong individual.

This basis for liability is supported by the legislative history of the FDCPA, which reflects that Congress was motivated to enact the law, in part, to "protect[] people who do not owe money at all." H.R. Rep. No. 131, 95th Cong. 1st Sess. 9 (1977) at 8. As the House Committee on Banking, Finance, and Urban Affairs understood, "In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts." *Id.* The Senate shared this concern, commenting that one of the purposes of the Act is to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 95-382, at 4 (1977), as reprinted in, 1977 U.S.C.C.A.N. 1695, 1699.

The plain language of the FDCPA bears out these statements of legislative intent. For instance, the Act defines "debt" as an "obligation or *alleged* obligation," 15 U.S.C. § 1692a(5) (emphasis added); a "debt collector" as a person who "regularly collects or attempts to collect . . . debts owed or due or *asserted* to be owed or due another," 15 U.S.C. § 1692a(6) (emphasis added); and a "consumer" as one who is "obligated or *allegedly* obligated to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added). These definitions compel the court to recognize

5

that FDCPA protections extend to individuals, like Thompson, whom a debt collector mistakes for a debtor and targets for debt collection. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003) (concluding that the definitions set forth in the FDCPA "extend[] the reach of the statute to collection activities without regard to whether the debt sought to be collected is actually owed"); *see also Dunham v. Portfolio Recovery Assocs., LLD*, 663 F.3d 997, 1002 (8th Cir. 2011) (reading "§ 1692a(3) to include individuals who are mistakenly dunned by debt collectors"); *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 361 (6th Cir. 2012) ("The statutory language [of the FDCPA] confirms that Congress intended to provide protection for those persons being dunned in error.").

Accordingly, Defendants' motion to dismiss Thompson's FDCPA claim, insofar as it is predicated on a violation of § 1692d, is denied.

### 2. § 1692e(5)

§ 1692e of the FDCPA forbids the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. § 1692e(5) declares to be a violation of 1692e "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

Thompson alleges that Defendants violated § 1692e(5) by filing a wage garnishment summons on her employer, when they knew or should have known that she was not the judgment debtor in the Contract Action and thus could not have been held liable for the underlying debt. Defendants aver that this claim is deficient because Thompson does not allege that they threatened legal action, but that they actually took legal action. Thompson responds that Defendants seek to escape liability under § 1692e(5) through a "technical loophole." (ECF No. 19 at 6.)

The court acknowledges Thompson's concern but agrees with Defendants' understanding regarding the scope of § 1692e(5). This section was designed to prevent debt collectors from making threats against consumers. *See, e.g., Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998) (explaining that sub-provision (5) is "a special section aimed at preventing empty threats of litigation as a means of scaring the debtor into payment"). Distinct from the other types of prohibited conduct contained in § 1692e, threats in and of themselves are harmful conduct because they cause consumers to fear that debt collection efforts may be in the offing. It is this emotional harm and its attendant consequences that animate § 1692e(5), not what unfolds following the taking of a debt collection action. *Id.* A plaintiff thus may not shoehorn a claim under subsection (5) where a debt collector merely acts to collect on a debt but never makes either an explicit or implicit threat. *See McMahon v. LVNV Funding, LLC*, No. 12-cv-1410, 2012 U.S. Dist. LEXIS 92655, at *5, 12 (N.D. Ill. July 5, 2012) (dismissing a claim brought pursuant to § 1692e(5) where the defendant debt collectors' alleged attempts to recover on a time-barred debt were not "accompanied by a threat of litigation"); *Clark v. Pollard*, No. IP-99-1414-C H/G, 2000 U.S. Dist. LEXIS 18934, at *7-8 (S.D. Ind. Dec. 28, 2000) ("By its plain language, subsection (5) applies to threats of action, not to actions actually taken.").

In this case, the complaint is devoid of any allegation that Defendants threatened Thompson. Thompson does not allege that the individual who called her on Defendants' behalf at her place of employment ever threatened her. Nor does Thompson claim that Defendants threatened her at any time either before or after that call. Of course, Thompson alleges that Defendants "threaten[ed] to take legal action that cannot legally be taken when [they] filed the wage deduction summons against" her. (ECF No. 1, ¶¶ 35, 45). But just because Thompson calls Defendants' filing of a court document a threat does not automatically render the act a

threat under § 1692e(5). Thompson's statement is a mere legal conclusion the court need not accept as true. *See Alam*, 709 F.3d at 665-66. And, more importantly, Thompson's allegation merely underscores that she is attempting to fit a square peg into a round hole. Defendants did not threaten legal action when they filed the wage deduction summons; they actually took it. Defendants' filing of the summons, standing alone, does not constitute a threat pursuant to § 1692e(5).

Finally, in her response, Thompson asserts that Defendants violated § 1692e(5) by threatening *her wages* through their service of a wage garnishment summons on her employer. This argument is also unpersuasive. Thompson offers no authority for the proposition that § 1692e(5) aims to protect wages or other property of consumers, as opposed to consumers themselves, from threats. Thompson's claim for a violation of § 1692e(5) is therefore dismissed.

### 3. **§§ 1692f, 1692f(1), and 1692f(6)**

The final FDCPA violations Thompson alleges fall under § 1692f.[2] § 1692f bars a debt collector from using an "unfair or unconscionable means to collect or attempt to collect any

---

[2] In assessing Thompson's FDCPA claims for alleged violations of § 1692f, Defendants focus on the applicability of *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007). In *Beler*, the plaintiff sued BHLM for allegedly violating the FDCPA during a state court collection proceeding. Two theories of recovery were at issue. First, the plaintiff claimed that BHLM's description of the contracts between her creditors in an affidavit attached to the state court complaint was sufficiently confusing as to violate 15 U.S.C. § 1692e. The Seventh Circuit observed that "[t]his theory assumes that the [FDCPA] regulates the contents of complaints, affidavits, and other papers filed in state court." *Id.* at 472. The court found no violation of the FDCPA and commented that "it is far from clear that the FDCPA controls the contents of pleadings filed in state court." *Id.* Second, the plaintiff alleged that BHLM violated § 1692f by serving a citation that caused her bank to freeze her account, which contained only exempt social security income. The court rejected this theory as well, noting that the FDCPA is not a "piggyback jurisdiction clause" for violations of other laws or regulations.
   Defendants contend that *Beler* counsels dismissal of Thompson's § 1692f claims. The court, however, finds that *Beler* is inapposite. "*Beler* involved allegations regarding the c*ontent* of a state complaint and actions that potentially violated other federal statutes *but not the FDCPA itself*. . . ." See *Guevara v. Midland Funding NCC-2 Corp.*¸ No. 07-cv-5858, 2008 U.S. Dist.

debt." Like other provisions of the FDCPA, § 1692f contains a nonexhaustive list of prohibited conduct. Apart from these examples of violations, however, § 1692f does not otherwise shed light on the other types of conduct that qualify as "unfair" or "unconscionable." Nor are these two terms defined elsewhere in the FDCPA. *See* § 1692a (defining various terms for use in 15 U.S.C. § 1692 *et seq*. but not "unfair" or "unconscionable"). Attempting to tease out what constitutes an "unfair or unconscionable means," the Seventh Circuit has noted that this phrase "is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007)).

The primary guidance the court has for determining whether a defendant's alleged behavior is "unfair or unconscionable" is the so-called "unsophisticated consumer standard." *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009). In the context of a claim brought under § 1692f, the key question is whether the plaintiff has adequately alleged that the defendant's conduct would be unfair or unconscionable to the unsophisticated consumer. *See McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 765 (7th Cir. 2006). Courts in this circuit view the unsophisticated consumer as someone who "may be uninformed, naive, and trusting, but [ ] has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Wahl*, 556 F.3d at 645 (internal quotation marks and citations omitted). Although "the unsophisticated consumer standard is generally a fact issue that cannot be decided at the pleading stage[,] . . . the general rule does not mean that

---

LEXIS 47767, at *13 (N.D. Ill. June 20, 2008) (holding that a plaintiff "sufficiently stated a claim for violations of the FDCPA by alleging that the Defendants misrepresented information in the state court complaint and committed other unfair collection practices when filing the state court complaint"). Thompson alleges that Defendants violated § 1692f, not through violations of other laws or regulations, but by mistaking her for a judgment debtor and attempting to garnish her wages. The court thus addresses the viability of Thompson's § 1692f claims by focusing on the specific provisions in dispute.

9

the unsophisticated consumer test can *never* be resolved at the pleading stage." *Janetos v. Fulton Friedman & Gullace, LLP*, No. 12-cv-1473, 2013 U.S. Dist. LEXIS 29655, at *17-18 (N.D. Ill. Mar. 4, 2013) (emphasis in original).

Here, Thompson claims that Defendants violated § 1692f when they "filed the wage deduction summons against [her] when [they] knew or should have known that [she] was not the named defendant in the Contract Action because holding [her] accountable for the debt of an unknown third party is inherently unfair." (ECF No. 1 ¶¶ 36, 46.) The problem with this theory is that Thompson's other allegations and the exhibits she attaches to her complaint belie the notion that Defendants tried to "hold [her] accountable" for Brandi N.'s debt.

Rather, the complaint suggests that Defendants mistook Thompson for someone who owed them a debt. Specifically, Thompson alleges that Defendants knew or should have known she was not the judgment debtor based on the facts that she and Brandi N. had a different middle initial and social security number, and that Thompson never resided at the addressed provided in the Affidavit for Wage Deduction Summons, the last known address Defendants identified for Brandi N.

Not only would these pieces of misidentification be clues to the unsophisticated consumer that Defendants meant to direct their wage deduction summons at someone else. In this particular case, Thompson admits that she and her employer realized that Defendants had erred. Thompson alleges that she communicated with Vista's counsel after Vista received the wage deduction summons. Thompson further alleges that, after this discussion, Vista returned its interrogatories/answer to the wage deduction summons by stating, "This person does not work for us." (ECF No. 1 ¶ 26.) Thus, the same discrepancies that would have alerted the

10

unsophisticated consumer presumably informed Thompson and her employer that Defendants had made a mistake in identity.

Also important to the court's decision is the absence of certain allegations. A § 1692f claim requires the court to assess whether a defendant employed an "unfair or unconscionable means" to collect a debt. Thompson notably does not allege that Vista garnished her wages. Nor does she allege that Defendants employed any other means to collect from Thompson the debt Brandi N. owes them or that Defendants pursued Thompson after receiving Vista's answer to the summons. Because Defendants "merely initiat[ed] debt collection activities" against Thompson, but stopped once Vista returned its answer, the court finds that Thompson's § 1692f claim as currently pled is deficient.[3] *See Fallon Fong v. Franklin Collection Servs., Inc.*, No 12-cv-1666, 2012 U.S. Dist. LEXIS 116834, at *11 (N.D. Ill. Aug. 16, 2012) (dismissing § 1692f claim that plaintiff based on a debt collector's "incorrect" statement of the amount owed in an initial debt-collection letter) (citing *Jang v. A.M. Miller and Assocs.*, 122F.3d 480, 483-84 (7th Cir. 1997) ("[I]n the real world, creditors and debt collectors make mistakes, and sometimes initiate collection activities against persons who do not owe a debt.")).

Thompson's claims under § 1692f(1) and §1692f(6) fail for additional reasons. § 1692f(1) prohibits a debt collector from attempting to collect a debt that is not "expressly authorized by the agreement creating the debt or permitted by law." To

---

[3] The court recognizes the apparent incongruity between its determination that Defendants' alleged conduct was "harass[ing]" within the scope of 15 U.S.C. § 1692d, but not "unfair or unconscionable" under 15 U.S.C. § 1692f. In enacting these sections, Congress must have meant for them to curb different behavior. The legislative history of the FDCPA supports finding a debt collector's wrongful debt collection effort due to a mistake in identity qualifies as harassment under § 1692d. *See* H.R. Rep. No. 131 at 8; S. Rep. No. 95-382, at 4. But the court finds no such support—nor does Thompson provide the court with any authority—for determining that a mistake in identity analogous to that which allegedly occurred in this case also constitutes an "unfair or unconscionable means" to collect a debt in violation of § 1692f.

establish her § 1692f(1) claim, Thompson alleges that Defendants attempted to collect a debt that she never authorized, since it was Brandi N.'s debt, and that was not otherwise permitted by law.

Some courts, however, have rejected the applicability of § 1692f(1) "in situations where a debt collector merely seeks to collect a debt from the wrong party, as opposed to where there is an attempt to collect an amount greater than that defined in the loan agreement." *See Transamerica Fin. Svs., Inc. v. Sykes*, 97-cv-2568, 1998 U.S. Dist. LEXIS 9118, at *9 (N.D. Ill. June 10, 1998) (citing *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991). "[T]hese courts have found subsection 1692(f)(1) to apply only in the context of debt collectors who have charged interest or service charges which were not expressly provided for as a part of the debt[.]" *Id.* at *10 (quotation marks and citation omitted). The reasoning is that the subsection, "by its own terms[,] addresses the abusive practice of collecting an amount greater than that which is owing." *Beattie*, 754 F. Supp. at 392. (finding subsection 1692f(1) inapplicable because the defendants' "attempts to collect from the wrong individuals [were] better characterized as going to the character or status of the debt rather than the amount owing").

The court finds this reasoning persuasive. The crux of Thompson's § 1692f(1) claim is that Defendants sought to collect on a debt that she never owed. But the focus" of § 1692f(1) "is on the means used to collect the alleged debt." *Fallon Gong*, 2012 U.S. Dist. LEXIS 116834, at *11. Thompson does not allege that Defendants tried to impose additional "interest, fee, charge, or expense incidental to the principal obligation" that already existed. Nor did they attempt to create a new obligation

altogether. Instead, they attempted to collect on an existing debt, except they did so from the wrong individual. Liability does not lie under § 1692f(1) in such circumstances.

Thompson's claim for a violation of § 1692f(6) falters on additional grounds. §1692f(6) makes the following conduct unlawful:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>     (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>     (B) there is no present intention to take possession of the property; or
>     (C) the property is exempt by law from such dispossession or disablement.

As Defendants correctly contend, there is no allegation that they took or threatened to take any "nonjudicial action" against Thompson. Nor does Thompson make any effort in her response to explain how Defendants' service of a wage deduction notice constitutes a "nonjudicial action" under § 1692f(6).

Indeed, the opposite conclusion stands to reason. The Illinois Code of Civil Procedure mandates the clerk of the court in which a judgment was entered to issue a wage deduction summons upon the filing of a qualifying affidavit and written interrogatories by the judgment creditor, its attorney, or other designee. *See* § 735 ILCS 5/12-805. This statute also requires that the summons "be in a form consistent with local court rules." *Id.* Here, the wage deduction summons Thompson attaches to her complaint shows that Defendants at least attempted to follow the process set forth in § 12-805. They filed a wage deduction summons and affidavit with the Circuit Court of Cook County and served it on Vista. Vista received the summons, answered the form interrogatories under oath, and returned its answer. The court fails to see any semblance

of a nonjudicial action here. Thompson thus cannot state a claim to relief under § 1692f(6) that is plausible on its face. *See Iqbal*, 556 U.S. at 678.

As a final note, the court does not understand how Plaintiff's counsel credibly thought the issuance of a wage deduction summons pursuant to the Illinois Code of Civil Procedure could constitute a nonjudicial action. Counsel is reminded of its obligations under Federal Rule of Civil Procedure 11.

### B. ICFA

Thompson alleges that CACH violated the ICFA, 815 ILCS § 505/2, "by engaging in unfair conduct to collect a debt that it knew or should have known was not owed by Plaintiff." (ECF No. 1, ¶ 53.) The ICFA declares unlawful:

> [u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act. . . ."

815 ILCS § 505/2. To bring a private action under the ICFA, "the plaintiff must show that (1) a defendant engaged in a deceptive practice; (2) defendant intended plaintiff to rely on the deception; (3) the deception to[ok] place in the course of conducting trade or commerce; and (4) [ ] the defendant's deception resulted in damages." *McLaughlin v. LVNV Funding, LLC*, 971 F. Supp. 2d 796, 801 (N.D. Ill. 2011).

At the outset, the court notes that the briefing on Thompson's claim for a violation of the ICFA is sparse. The sole argument Defendants advance in their motion as to the viability of Thompson's ICFA claim rests on the court's ability to exercise supplemental jurisdiction over a state law claim, if all other federal claims have been dismissed. 28 U.S.C. § 1367(a) states:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Defendants tacitly acknowledge that Thompson's ICFA claim forms part of the same case or controversy as her FDCPA claims. However, they contend that dismissal is appropriate because "a federal court would typically 'dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.'" (ECF No. 16 at 9) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)). Thus, Defendants appear to predicate dismissal of Thompson's ICFA claim on her failure to state a federal claim under the FDCPA.

Yet, oddly enough, Defendants admit in a footnote to their motion that Thompson does state a claim against them pursuant to 15 U.S.C. § 1692d(6). (*See* ECF No. 16 at 2 n.1.) ("Defendants note that they have not addressed Plaintiff's claim under § 1692d(6). Defendants agree that plaintiff states a claim under this section."). Because Thompson's ICFA claim arises from the same case or controversy as her FDCPA claim, one theory of which Defendants concede survives dismissal, the court rejects Defendants' attempt to dismiss her ICFA claim for lack of jurisdiction.

Defendants raise an entirely different basis for dismissal in their reply memorandum. There, Defendants assert that Thompson fails to allege that Defendants' conduct caused the type

of damages that the ICFA recognizes. The court finds this argument untimely. "The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court." *See United States v. Feinberg*, 89 F.3d 333, 341 (7th Cir. 1996). Defendants had an opportunity to present whatever grounds they had to dismiss Thompson's ICFA claim in their motion. A party cannot keep arrows in its quiver and then decide to deploy them after the initial round misses its mark.

And, at any rate, it is unclear whether Defendants' assertion—that Thompson's loss of time at work and costs incurred in consulting her attorney are "not actual damages"—is supportable. Some courts have found a plaintiff's expenditure of time and money incident to defending a debt collection effort to suffice as damages under the ICFA. *See Armbrister, v. Pushpin Holdings, LLCI*, No. 12-cv-246, 896 F. Supp. 2d 746, 756 (N.D. Ill. 2012) (positing that "'time and money' spent defending debt collection lawsuits can be an actual injury under ICFA") (quoting *Grant-Hall v. Cavalry Portfolio Srvs., LLC*, 856 F. Supp. 2d 929, 942 (N.D. Ill. 2012)). Thus, the court denies Defendants' motion to dismiss Count III of Thompson's complaint.

## IV. CONCLUSION

Defendants' motion is granted in part and denied in part. Thompson's claims brought pursuant to 15 U.S.C. §§ 1692e(5), 1692f, 1692f(1), and 1692f(6), as alleged in Counts I and II, are dismissed without prejudice. Insofar as Defendants move to dismiss Thompson's claims for alleged violations of the ICFA and § 1692d of the FDCPA, the motion is denied. The parties are to appear for a status hearing in courtroom 1858 on November 13, 2014, at 9:30 a.m.

/s/
					Joan B. Gottschall
					United States District Judge

Date:  October 24, 2014